MARVIN
and FRED W. JONES, Jr., Judges, concurring.
The essence of this contract, first providing that defendant will advance $5,000 to develop the project for the eventual sale of the property and that plaintiff will donate time and effort to the development, is that
“If this project can be put together and sold, [defendant] will receive $125,000 for the land, up to $5,000 for expenses [advanced], and [plaintiff] will receive $10,-000 for [plaintiff’s] time and effort. Any amounts received from the sale of this tract in excess of the total of the amounts mentioned above, will be divided one-half to [plaintiff] and one-half to [defendant].”
The contract is not ambiguous and clearly provides that defendant was to receive $125,000 plus its advanced expenses up to $5,000, that plaintiff was to receive the next $10,000, and that if the project or tract sold for more than the total of these amounts, the excess would be divided between plaintiff and defendant.
When the contract is construed as a whole, as the applicant for rehearing suggests, it cannot be construed as meaning the defendant will pay $10,000 commission if the property is sold for a “total of $125,-000”. The contract is ambiguous only if the second sentence of the contract is construed to mean that the defendant will sell for $125,000. This sentence, however, states only the defendant’s interest in selling the property for that price, while the sentences that follow state the terms that will be followed for the sale of the property in this language: Defendant will advance, plaintiff will donate, defendant will receive, and the excess will be divided.
Viewed in the entirety, the contract expressed defendant’s intention to receive a minimum of $125,000 for the property.
We concur in the denial of the rehearing application.